## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON BELETO, INDIVUDALLY AND ON BEHALF OF HIS MINOR CHILD, CRUZ BELETO,**<br>    **PLAINTIFFS** | **CIVIL ACTION NO.** |
| | **DISTRICT JUDGE:** |
| **V.** | |
| | **MAGISTRATE JUDGE:** |
| **CHOICE HOTELS INTERNATIONAL SERVICES CORP. D/B/A CLARION INN AND SUITES, CENTURY WILSHIRE, INC. D/B/A CLARION INN AND SUITES, CENTURY SURETY CO., DANIEL J. GAUL, ALLIED WORLD INS. CO, and ABC INS. CO.**<br>    **DEFENDANTS** | |

## <u>COMPLAINT</u>

NOW INTO COURT, through undersigned counsel, comes Plaintiff, JASON BELETO, individually and on behalf of his minor child, CRUZ BELETO, a person of the age of majority and resident and domiciliary of St. Tammany Parish, State of Louisiana

1.

This Court has jurisdiction pursuant to 28 U.S.C. 1332 because the real parties in interest are citizens of different states and the amount in controversy exceeds SEVENTY FIVE THOUSAND ($75,000) DOLLARS exclusive of costs and interest. VENUE is proper because this action arises within the jurisdiction of the Eastern District of Louisiana.

2.

Made Defendants are as follows:

A. CHOICE HOTELS INTERNATIONAL SERVICES CORP., doing business as CLARION INN AND SUITES (hereinafter sometimes referred to as "CLARION"), a foreign business corporation with a business establishment located at 501 N. Highway 190, Covington, Louisiana 70433, and at all times relevant hereto authorized to do and doing business in the Parish of St. Tammany, State of Louisiana;

B. CENTRY WILSHIRE, INC., doing business as CLARION INN AND SUITES, upon information and belief is the owner and/or franchisee of the hotel and conference center business establishment located at 501 N. Highway 190, Covington, Louisiana 70433 and at all times relevant hereto authorized to do and doing business in the Parish of St. Tammany, State of Louisiana;

C. CENTURY SURETY COMPANY, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto in the Parish of St. Tammany, State of Louisiana;

D. DANIEL J. GAUL, a person of the age of majority and resident and domiciliary of St. Tammany Parish, State of Louisiana at all relevant times hereto;

E. ALLIED WORLD INSURANCE COMPANY, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto in the Parish of St. Tammany, State of Louisiana;

F. ABC INSURANCE COMPANY, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto in the Parish of St. Tammany, State of Louisiana;

3.

The aforementioned defendants are bound jointly, severally and in solido unto Plaintiff herein in an amount fair and reasonable under the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, including attorney's fees for the reason enumerated herein below.

4.

At all times pertinent hereto, Defendant, CENTURY SURETY COMPANY had in full force and affect a general liability policy of insurance under the terms of which Defendant(s) CLARION and/or CENTURY WILSHIRE, INC., was/were the named insured and which afforded commercial general liability insurance coverage, for the acts and omissions of said defendant(s) made the basis of this lawsuit. The precise terms and numbers embodied in said policy or policies of insurance are incorporated herein by reference and specifically pled herein as if set forth in extenso.

5.

At all times pertinent hereto, Defendant, ALLIED WORLD INSURANCE COMPANY had in full force and effect a general liability policy of insurance under the terms of which Defendant(s) CLARION and/or CENTURY WILSHIRE, INC., was/were the named insured and which afforded commercial general liability insurance coverage, for the acts and omissions of said defendant(s) made the basis of this lawsuit. The precise terms and numbers embodied in said policy or policies of insurance are incorporated herein by reference and specifically pled herein as if set forth in extensor.

6.

At all times pertinent hereto, Defendant, ABC INSURANCE COMPANY had in full force and affect a general liability policy of insurance under the terms of which Defendant(s) CLARION and/or CENTURY WILSHIRE, INC., was/were the named insured and which afforded commercial general liability insurance coverage, for the acts and omissions of said defendant(s) made the basis of this lawsuit. The precise terms and numbers embodied in said policy or policies of insurance are incorporated herein by reference and specifically pled herein as if set forth in extenso.

7.

CENTURY SURETY COMPANY, ALLIED WORLD INSURANCE COMPANY, and ABC INSURANCE COMPANY are made Defendants herein directly pursuant to the provisions of LSA_R.S. 22:1269, et seq., the Louisiana Direct Action Statute.

8.

On January 29, 2012 Plaintiff Jason Beleto and his minor child Cruz Beleto, went to CLARION Inn & Suites located at 501 N. Highway 190 in Covington, Louisiana and was at times near the high volume air condition (H-VAC) systems, cooling towers, steam generators, nebulizers, bathrooms, lobby, swimming pools, hot tubs, water fountains and other equipment and/or instrumentalities that were and continue to be under the exclusive care, custody, control, supervision, management, and possession of DANIEL J. GAUL, CLARION, and/or CENTURY WILSHIRE.

9.

During their visit to CLARION Inn and Suites Plaintiff's minor child Cruz Beleto, under the supervision of his father Jason Beleto, entered the hot tub inside of the Holidome area at the subject CLARION.

10.

Shortly thereafter, Cruz Beleto began screaming and crying in pain after he developed painful rashes on his skin, including the lower part of his abdomen, hip, and other parts of his body.

11.

Jason Beleto brought the child to the front desk where he informed the CLARION front desk manager, Rita Bridges, of the condition and then brought his son Cruz Beleto the Emergency Room for treatment.

12.

The following day Jason Beleto telephoned Rita Bridges to question what was in the hot tub that would cause his son to have a severe rash.

13.

After she consulted with her supervisor, CLARION Hotel Manager DANIEL J. GAUL, the front desk manager Rita Bridges called Jason Beleto and informed him that the hot tub merely contained a small amount of chlorine.

14.

Relying upon the assurances of the employees of CLARION, Jason Beleto subsequently brought his son back to the CLARION and allowed his son, Cruz Beleto to proceed into the hot tub again which immediately caused another rash.

15.

Shortly thereafter, Cruz Beleto developed flu-like symptoms, including respiratory complaints, cough, and fever.

16.

On January 22, 2013 the results of the testing of the CLARION indoor hot tub, conducted pursuant to the investigation of the Louisiana Department of Health and Hospitals, Office of Public Health, were sent to DANIEL J. GAUL, the manager of the subject CLARION.

17.

DANIEL J. GAUL, the manager of the CLARION was specifically informed by the expert retained by the CLARION that the test results from the hot tub at the CLARION revealed a very high risk for persons to contract the disease *Legionella* and a very high risk for contracting *Pseudomonas aeruginosa*, a bacteria known to cause many symptoms, including painful skin rashes.

18.

Even though Jason Beleto had specifically requested information as to what in the hot tub could have caused the severe and painful rash on his son, no employee or agent of CLARION ever contacted Jason Beleto or otherwise attempted to inform him of the hot tub test results.

19.

The employees of the CLARION had actual knowledge of Cruz Beleto's injuries and request for information but failed to retract the false statement given to Jason Beleto upon receipt of the positive test results. Claimant specifically pleads the doctrine of contra non valentum for

the fraudulent actions of DANIEL J. GAUL and/or the CLARION in hiding the real source of the injuries suffered by Cruz Beleto when said Defendants were the only entities with the knowledge of the test results.

20.

Plaintiff avers that at all times relevant hereto said hotel and conference facility was owned, managed and/or operated by DANIEL J. GAUL, an employee of the CLARION, defendant(s) CLARION, and/or CENTURY WILSHIRE, INC. and said defendant(s) were charge with the duty to maintain, mitigate, monitor, inspect, remediate, and/or prevent foreseeable hazardous conditions such as exposure of patrons, guests, and the general public *Legionella and/or Pseudomonas aeruginosa*.

21.

At all times relevant hereto both prior to and since January 29, 2012 Century Wilshire, Inc. and /or DANIEL J. GAUL, as the manager of the CLARION Inn and Suites at issue herein located in Covington, Louisiana, had an affirmative duty to protect the public and guests of said facility as described herein and negligently failed to do so.

22.

DANIEL J. GAUL's and/or CLARION's actions in failing to adequately, timely and appropriately maintain, disinfect, clean, and/or test the hot tub and other potential sites for *Legionella, Pseudomonas aeruginosa*, or other dangerous bacteria resulted in a foreseeable danger and potentially fatal condition of the premises for the general public and guests of said facility, as well as injury to Cruz Beleto.

23.

Plaintiff further alleges that DANIEL J. GAUL and Defendant(s), CLARION and/or CENTURY WILSHIRE, INC. had notice of said hazardous condition and the presence of *Pseudomonas aeruginosa* on the premises and negligently, willfully and/or with reckless indifference for the safety of Plaintiff and the general public failed to disclose, remediate or warn of said hazardous condition that caused damages to Cruz Beleto and Jason Beleto.

24.

Specifically, Plaintiff avers that the acts and/or omissions of defendants DANIEL J. GAUL, CLARION and/or CENTURY WILSHIRE, INC. constitute gross, wanton and willful neglect for the sake of monetary savings failed to eradicate, detect and/or prevent the existence of *Legionella* and/or *pseudomonas aeruginosa* from harming Cruz Beleto.

25.

Plaintiff's minor child, Cruz Beleto, sustained foreseeable personal injuries as the result of the presence of *Legionella* and/or *pseudomonas aeruginosa*, known hazardous bacteria, that at all times relative hereto was on the premise of said hotel and conference facility.

26.

Plaintiff avers that *Legionella* and/or *Pseudomonas aeruginosa* bacteria are known to cause severe and debilitating injury to persons exposed to same and is a preventable condition when proper and safe practices for cleaning, inspecting, monitoring, eradicating and/or remediating of the pools, hot tubs, fountains equipment and/or other instrumentalities are performed on the premise in a pre-established, consistent and routine matter; furthermore, the nature of the bacterial substance at issue is a danger to the health and safety of the public and determination of the point source is critical for the public health and safety.

27.

Plaintiff avers that defendant(s) DANIEL J. GAUL, CLARION, and/or CENTURY WILSHIRE INC. negligently failed to take reasonable steps to timely warn, inform and/or notify the Louisiana Department of Health and Hospitals and/or State, Federal or local governmental agencies, departments, and/or entities responsible for public safety, health and welfare upon discovery of the presence or potential for the presence of the *Legionella* and/or *Pseudomonas aeruginosa* bacteria on its premise that posed a danger to the public.

28.

Said grossly negligent and/or fraudulent acts and omissions of defendant(s) DANIELG J. GAUL, CLARION and/or CENTURY WILSHIRE, INC., deprived Plaintiff, Jason Beleto, and his minor child, Cruz Beleto, of the opportunity to obtain timely, aggressive, and appropriate medical care that was unknown to Plaintiff at times relevant hereto and warranted under the circumstances; said acts and/or omissions listed herein resulted in the injuries and/or illness of Plaintiff's minor child, Cruz Beleto.

29.

Plaintiff's minor child, Cruz Beleto, sustained personal injuries including but not limited to illness, rashes, reddened skin, pain, itchiness, fever, emotional distress, fear, worry, respiratory complaints, cough, fever, aches, and anxiety while Plaintiff Jason Beleto suffered stress, emotional distress as well as other emotional damages resulting from concern for his son in the past and in the future.

30.

Specifically, Plaintiff avers that the proximate cause of the personal injuries to Jason Beleto and his minor child Cruz Beleto were the following non-exclusive acts and/or omissions of defendant(s) DANIEL J. GAUL, CLARION and/or CENTURY WILSHIRE, INC., that constitute liability and personal injury under Louisiana law:

A. Negligently failing to test water fountains, pools, hot tubs, swimming pools and/or other instrumentalities or equipment for the *Legionella* and/or *Pseudomonas aeruginosa* bacteria, a known and foreseeable hazard on the premise;

B. Remove and/or relocate facilities, systems, and equipment that posed an unreasonably and unwarranted risk of hazards from the development of the *Legionella* and/or *Pseudomonas aeruginosa* bacteria;

C. Negligently failing to warn or advise of the presence or potential presence of *Legionella* and/or *Pseudomonas aeruginosa* bacteria under the circumstances;

D. Willfully and wantonly misleading Plaintiff after it was suspected that the *Legionella* and/or *Pseudomonas aeruginosa* bacteria was present at the hotel premise;

E. Negligently failing to adequately inspect and maintain the premise in a reasonably safe fashion;

F. Negligent failure to remedy the defect which cause the unreasonably dangerous condition;

G. Negligent failure to remedy the defect which cause the unreasonably dangerous condition;

H. Negligent failure to hire competent employees;

I.   Failing to properly supervise and/or train employees as the risks of *Legionella* and/or *Pseudomonas aeruginosa;*

J.   Failure to develop and implement a safe and reasonable plan to prevent the presence of *Legionella* and/or *Pseudomonas aeruginosa* bacteria and/or prevent harm from same to guests, patrons and the general public;

K.   Deliberate, Negligent and/or fraudulent concealment of the presence of *Legionella* and/or *Pseudomonas aeruginosa* even though plaintiff Jason Beleto had inquired about dangerous substances in the hot tub and was provided false information;

L.   Intentional and/or Negligent Infliction of Emotional distress upon Plaintiff Jason Beleto; and

M.   For all other acts and/or omissions which shall be proven at the trial on the Merits of the matter herein.

31.

Defendants DANIEL J. GAUL, CLARION and/or CENTURY WILSHIRE INC., did not warn and/or advise patrons, guests or the public of suspicions and/or the presence of the *Legionella* and/or *Pseudomonas aeruginosa* bacteria and in fact took affirmative steps to prevent said disclosure to the Beleto's and the public.

32.

Alternatively, Plaintiff specifically pleads the doctrine of res ipsa loquitor.

33.

Upon information and belief, defendant(s) DANIEL J. GAUL, CLARION and/or CENTURY WILSHIRE, INC. willfully and wantonly took affirmative steps to prevent such disclosure or discovery of the presence of the *Legionella* and/or *Pseudomonas aeruginosa*

bacteria by removing the hot tub and/or taking other actions that would prevent detection of the hazardous substance after general suspicions were raised before attempting to contact, warn, inform and/or properly notify the Beleto's and the public of same.

34.

Plaintiff alleges that the defendants named herein are liable for the described incident and damages sustained by Plaintiff, Jason Beleto and his minor child, Cruz Beleto, in accordance with Louisiana law pertaining to negligence and failure to maintain its premise free of any hazards, vices, defects or unreasonably dangerous conditions pursuant to Louisiana law; specifically the provisions of the following Louisiana Civil Code Articles:

A.  LSA-C.C. 2315, et seq, negligence;

B.  LSA-C.C. 2317 et seq, strict liability;

C.  LSA-R.S. 9:2800.6, claims against merchants; and

D.  Any and all other statues and laws that are supported by the allegations contained herein or proven at ht trial on the merits.

35.

Your Complainant, **JASON BELETO**, itemizes his damages as follows:

a)  Past, present and future pain and suffering;

b)  Past, present and future mental anguish;

c)  Past, present and future medical expenses;

d)  Medical Monitoring;

e)  Emotional distress; and

f) Any and all other damages which shall be proven at the trial on the merits of the matter herein.

36.

Your Complainant, **JASON BELETO**, on behalf of his minor child **CRUZ BELETO**, itemizes his damages as follows:

a) Past, present, and future suffering;

b) Past, present, and future mental anguish;

c) Future loss of earning capacity;

d) Permanent disability;

e) Past, Present, and Future Medical Expenses;

f) Medical Monitoring; and

g) Any and all other damages which shall be proven at the trial on the merits of the matter herein.

37.

Inasmuch as the allegations contained in the foregoing paragraphs are inconsistent, they are deemed to have been pled in the alternative.

WHEREFORE, Complainant, **JASON BELETO**, individually and on behalf of his minor child **CRUZ BELETO**, respectfully prays that Defendants, **DANIEL J. GAUL, CHOICE HOTELS INTERNATIONAL SERVICES CORP., d/b/a CLARION INN & SUITES, CENTURY WILSHIRE, INC. CENTURY SURETY CO., ALLIED WORLD INSURANCE CO. and ABC INSURANCE CO**. be served with a copy of this Complaint and be duly cited to appear and answer same and that after due proceedings are had, there be

Judgment herein in favor of said Complainants, and against said Defendants in an amount fair and reasonable under the premises of this matter, plus legal interest thereon from the date of judicial demand until paid, plus all costs of the proceedings, attorney's fees and for all general and equitable relief amendable under the circumstances.

         Respectfully submitted,

         HOWARD & REED

         __/s/*Shawn C. Reed*_____
         SHAWN C. REED, #14304
         KYLE T. DEL HIERRO, #21557
         516 N. Columbia Street
         Covington, Louisiana 70433
         Telephone: (985) 893-3607
         Fax:    (985)893-3478

         D. DOUGLAS HOWARD, JR. #7021
         JONATHAN C. PEDERSEN #32290
         839 St. Charles Avenue, Suite 306
         New Orleans, Louisiana 70130
         Telephone: (504) 581-3610

         THE PENTON LAW FIRM
         RONNIE G. PENTON #10462
         209 Hoppen Place
         Bogalusa, Louisiana 70427
         Telephone: (985) 732-5651
         Fax: (985) 735-5579

GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC
GERALD E. MEUNIER, #9471
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:      504-522-2304
Fax:               504-528-9973
AND
PAUL A. LEA, JR., #18637
724 E. Boston Street
Covington, Louisiana 70433-2910
Telephone:      985-292-2300
Fax:               985-249-6006
Attorneys for Plaintiffs